Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
1900 Camden Avenue, Suite 101
San Jose, California 95124
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: service@moorelawfirm.com

Attorney for Plaintiff
Gerardo Hernandez

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>HASSETT HARDWARE dba HASSETT ACE HARDWARE, et al.,<br><br>Defendants. | No. 5:25-cv-05066-SVK<br><br>**PLAINTIFF'S SECOND MOTION FOR ADMINISTRATIVE RELIEF TO ENFORCE GENERAL ORDER 56 REQUIREMENTS AND REQUEST FOR SANCTIONS; ~~[PROPOSED]~~ ORDER** |

Plaintiff, Gerardo Hernandez ("Plaintiff"), hereby moves this Court for administrative relief under Local Rule 7-11 and General Order 56 ¶ 3 to compel Defendants Hassett Hardware dba Hassett ACE Hardware; Penelope F. Hassett, Trustee of the Hassett 1993 Revocable Trust, dated July 9, 1993; and Larry R. Hassett, Trustee of the Hassett 1993 Revocable Trust, dated July 9, 1993 (collectively "Defendants") to comply with General Order 56's requirements to produce initial disclosures and participate in mediation.

## I. Defendants Have Failed to Serve Initial Disclosures or Meet and Confer

This case seeks, in part, relief pursuant to Title III of the Americans with Disabilities Act ("ADA"), and is therefore controlled in this Court by the procedures established by

General Order 56. The General Order 56 requirements are mandatory, and were designed by the Northern District to facilitate resolution of ADA cases. Paragraph 3 of General Order 56 provides that: "Requests […] to be relieved of any of the requirements of this Order, or to enforce any of the requirements of this Order may be made by stipulation and proposed order under Civil Local Rule 7-12 or by filing a Motion for Administrative Relief under Civil Local Rule 7-11." Defendants have not sought relief from these requirements.

The parties conducted the joint site inspection required by General Order 56 on August 19, 2025. (Declaration of Tanya E. Moore, filed herewith ("Moore Decl."), ¶ 2.) Under General Order 56, initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be completed no later than 7 days prior to the joint site inspection.

The Court granted Plaintiff's previous motion for administrative relief compelling Defendants to produce initial disclosures by September 19, 2025. (ECF No. 13.) Yet, Defendants have still not produced the required disclosures. (Moore Decl., ¶ 3.) Plaintiff has also unsuccessfully attempted to have defense counsel complete the Notice of Need for Mediation and Certification of Counsel form which is supposed to be jointly filed by the parties to obtain referral to mediation under General Order 56. (Moore Decl., ¶ 6-11.) Even if defense counsel provides the information to complete the form, Plaintiff's counsel is unable to file it because the form requires counsel to certify that initial disclosures have been exchanged, and Defendants have not served their initial disclosures.

Plaintiff has made diligent attempts to meet and confer on these issues prior to bringing this motion, and Defendants have not meaningfully responded to these meet-and-confer efforts. The sole communication received from defense counsel is his revisions to the parties' Joint Status Report on August 6, 2026 (ECF No. 15), in which he reported as follows:

> "Defense Counsel Smith and Douglass are sole practitioners. Counsel Smith was in a 27 Count trial on an Indictment in San Mateo County, People v. Ronald Galatolo 24SF014994A from September 2025 through late January 2026 and then in trial in Fresno County on a criminal case, People v. Abercrombie Case F23901217 from February 2026 though May 19, 2026 and have fallen behind on many matters, including this matter."

(Moore Decl., ¶ 9.)

Accordingly, Plaintiff seeks an order compelling Defendants to (1) produce initial disclosures as required by General Order 56 ¶ 4 within seven days; and (2) participate in mediation upon the Court's referral pursuant to General Order 56 ¶ 9.

**II. Sanctions Are Warranted for Continuing Failure to Comply with Gen. Order 56**

Plaintiff additionally requests sanctions against Defendants in the amount of $3,773.00, representing the attorney's fees reasonably incurred seeking to obtain Defendants' voluntary compliance with General Order 56.

A rebuttable presumption favors imposing expense shifting sanctions on the party against whom a motion to compel discovery is resolved. Fed. R. Civ. P. 37(a)(5)(A); Fed. R. Civ. P. 37 Committee Note (1970). Defendants' failure to provide initial disclosures, and to comply with General Order 56 in general, is not justified or excusable. Defendants' failure is willful, has prejudiced Plaintiff's ability to proceed with this litigation, and warrants, at the least, the imposition of sanctions under Federal Rules of Civil Procedure, Rule 37(d) and the Court's inherent power to enforce its own orders. With regard to discovery motions, "[t]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* (Emphasis added.) The Northern District has awarded monetary sanctions in similar situations where defendants have flouted the General Order 56 requirements. *Hernandez v. KN Petro., LLC*, No. 4:24-cv-03653-KAW, 2025 U.S. Dist. LEXIS 43885, at *7 (N.D. Cal. Mar. 6, 2025); *Johnson v. 480 Geary St.*, No. 19-cv-02460-JSW, 2020 U.S. Dist. LEXIS 260525, at *6 (N.D. Cal. May 28, 2020).

Although Plaintiff's counsel's standard hourly rates are higher, for the purposes of this motion Plaintiff seeks hourly rates of $475 for attorney Tanya Moore and $195 for paralegal Whitney Law, which rates have previously been found reasonable within this District. See, e.g., *Hernandez v. KN Petro., LLC*, No. 4:24-cv-03653-KAW, 2025 U.S. Dist. LEXIS 43885, at *9 (N.D. Cal. Mar. 6, 2025); *Block v. Gennaro's Ltd. Liab. Co.*, No. 21-CV-00192-VKD, 2022 U.S. Dist. LEXIS 113173, 2022 WL 2307203, at *12 (N.D. Cal. June 27, 2022);

*Hernandez v. BMV Hotels LP*, No. 18-CV-07511-NC, 2021 U.S. Dist. LEXIS 212748, at *2-3 (N.D. Cal. Apr. 14, 2021); *Block v. SmileMart, Inc.*, No. 19-cv-07758-VKD, 2021 WL 764041, at *2 (N.D. Cal. Feb. 26, 2021); *Rivera v. Crema Coffee Co. LLC*, No. 5:18-cv-01531-VKD, 2020 WL 4701131, at *3 (N.D. Cal. Aug. 13, 2020).

As set forth on the attached inventory of time, Attorney Moore has reasonably spent a total of 4.7 hours on efforts to obtain Defendants' cooperation with General Order 56 requirements, including meet and confer efforts and preparation of both motions for administrative relief, for a total of $2,232.50 at the rate of $475/hour. (Moore Decl., ¶ 18; Exh. B.) Paralegal Law has spent a total of 7.9 hours on these efforts, for a total of $1,540.50 at the rate of $195/hour. (*Id.*) Plaintiff therefore currently requests sanctions of $3,773.00 through the filing of this motion, but will request additional amounts incurred preparing any reply in defense of this motion, as well as any fees incurred at an appearance at this motion if required.

Plaintiff respectfully requests an Order as set forth on his [Proposed] Order filed herewith. Plaintiff additionally requests that the Court admonish Defendants that continuing failure to comply with General Order 56 may result in terminating sanctions.

Dated: August 21, 2026

MOORE LAW FIRM, P.C.

*/s/ Tanya E. Moore*
Tanya E. Moore
Attorney for Plaintiff,
Gerardo Hernandez

# ~~[PROPOSED]~~ ORDER

The Court having considered the motion of Plaintiff for administrative relief under General Order 56 and the Parties' arguments at the 9/22/26 OSC hearing, and good cause appearing,

**IT IS HEREBY ORDERED**:

1. Defendants ~~shall produce compliant~~ reported that they have provided initial disclosures to Plaintiff ~~including all required information within seven (7) calendar days of this Order~~;

2. This Parties will file a notice of need for mediation today; ~~case is hereby referred to mediation pursuant to General Order 56, which shall be completed within 90 days of this Order;~~

3. Defendants shall pay $3,773.00 in sanctions, which shall be issued to Moore Law Firm, P.C. and delivered to Moore Law Firm, P.C., 1900 Camden Avenue, Suite 101, San Jose, California 95114 within ten (10) calendar days of this Order;

4. Defendants are admonished that continuing failure to cooperate in the General Order 56 process or additional violations of Court orders may subject them to sanctions, up to and including terminating sanctions.

**IT IS SO ORDERED.**

Dated: September 22, 2026

Susan van Keulen
United States Magistrate Judge